## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| ASSEMBLED CIRCUITS, INC. | ) | CASE NO. 04-10357 |
| | ) | CHAPTER 11 |
| Debtor | ) | JUDGE Squires |

### NOTICE OF MOTION

TO:  See attached Service List

Please take notice that on the 15th day of April, 2004 at 9:30 a.m., Michael J. Davis of the firm of Kofkin Sp-ringer Scheinbaum and Davis shall appear before the Honorable Judge Squires, or any judge sitting in his stead, in Courtroom No. 684 in the United States Bankruptcy Court, for the Northern District of Illinois, Eastern Division, located at 219 South Dearborn, Chicago, Illinois, and present the Debtor's MOTION FOR EMERGENCY USE OF CASH COLLATERAL AND FOR FINAL AUTHORIZATION TO USE CASH COLLATERAL.

By: _____

Attorney for Debtor
Michael J. Davis #6197896
Kofkin, Springer, Scheinbaum, & Davis
611 S. Addison Road
Addison, IL 60101
630-530-9999

### PROOF OF SERVICE

The undersigned, being first duly sworn on oath, deposes and says that she served a copy of the foregoing Notice of Motion and attached Motion by depositing it in the U.S. Mail in Oak Brook, Illinois 60532 to the above named parties on April 1, 2004.

_____

[FILED stamp: UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS, APR 2 2004, KENNETH S. GARDNER, CLERK]

Ira Bodenstein, U S Trustee
227 W Monroe Street, #3350
Chicago, IL 60606

Jack Paul
925 S Dunlar
Arlington Heights, IL 60005

Jerry Marinello
17 W 535 Schiller Street
Villa Park, IL 60181

Star Electronics, Inc.
825 Pratt Blvd.
Elk Grove Village, IL 60007

Melba Marinello
17 W 535 Schiller Street
Villa Park, IL 60181

Products Research, Inc
1550 Fullerton Avenue
Addison, IL 60101

Tahoe Industries Ltd.
388-1 Jen-Al Road, Sec.4
2nd Floor
Taipei Taiwan R.O.C.

Pioneer Standard Electronics
4800 E. 131St Street
Cleveland, OH 44105

Hinz Management
50 N Broadway, Ste 4-6
Palatine, IL 60067

Circuit Sale International
29 Old Dock Road
Yaphank, NY 11980

Teller, Levit & Silvertrust, P.C.
Attorneys for All American
Semiconductor of New York, Inc.
11 East Adams, Suite 800
Chicago, IL 60603

Kemp, Howell
7523-E Bristol Lane
Hanover Park, IL 60103-2575

Subtronics Assembly Corp.
940 Lakeside Drive
Gurnee, IL 60031

Falcon Solutions
11800 Wills Road, Ste 150
Alpharetta, GA 30004

Yen Bach Tran
1570 Hunting Hound Lane
Bartlett, IL 60103

J-Byte Electronics
5223 Park Blvd
Pinellas Park, FL 33781

South Bay Components, Inc.
24412 S Main
Building #101
Carson, CA 90745

FAI Electronics, Inc.
Dept. 3273
135 S LaSalle Street
Chicago, IL 60674-3273

Arrow Electronics, Inc.
1162 Springlake Dr.
Itasca, IL 60143

Sherri & William Adelizzi
23392 W Quail Court
Barrington, IL 60010

Beyond Components, LLC
670 Albion Avenue
Schaumburg, IL 60193

Bryan Ballowe
EPK Financial Corporation
5944 Luther Lane, Ste 300
Dallas, TX 75225

Brett Schuch
Goodman Factors, Inc.
3010 LBJ Freeway, Ste 140
Dallas, TX 75234

Tom Cavanaugh
Purchase Order Solutions, Inc.
303 E Seventeenth Avenue, Ste 405
Denver, CO 80203

D. Patrick Mullarkey
Tax Division (DOJ)
555 4th Street N.W., P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

Internal Revenue Service
District Counsel
200 W. Adams St., Suite 2300
Chicago, IL 60606

Internal Revenue Services
Special Procedures
230 S. Dearborn St., 27th Fl.
STOP 5014-CHI
Chicago, IL 60604

Electro-Kinetics
859 N. Sievert Dr.
Wood Dale, IL 60191

United States Attorney
219 S. Dearborn Street
Chicago, IL 60604

Arnold Law Firm
P.O. Box 3245
Bloomington, IL 61702
Attn: Joe Biggs

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ASSEMBLED CIRCUITS, INC. ) | CASE NO. 04-10357 |
| ) | CHAPTER 11 |
| Debtor ) | JUDGE Squires |

## MOTION FOR USE OF CASH COLLATERAL
## AND FOR FINAL AUTHORIZATION TO USE CASH COLLATERAL

**ASSEMBLED CIRCUITS, INC.** ("Debtor"), Debtor In Possession, by and through their attorneys hereby moves for the entry of an Order permitting use of cash collateral and for an emergency preliminary hearing, and, in support thereof, states as follows:

1. This case was commenced on March 16, 2004 when the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. No trustee has been appointed. The Debtor has continued to manage its business and assets and to administer the affairs of its estate as debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2. The Debtor is in the business of manufacturing various electronic assemblies for resellers, with a base in circuit boards

3. The collection of moneys from customers who buy the products and services of the Debtor are the cash proceeds of the Debtor, and constitute one of the Debtor's sole sources of income.

4. The Debtor has an immediate and continuing need to use the cash proceeds of the estate to pay the expenses of operating its facilities including, salaries, administrative and leasing costs, utilities, maintenance, purchase of inventory and insurance.

5. The Debtor proposes to use cash collateral, as that term is defined in Sec. 363(a) of the United States Bankruptcy Code (the "Code") in the operation of its business. Such cash

1

collateral arises from the collection of cash and accounts receivables generated prior to the filing of the petition.

6. At the time of filing, Debtor had cash in the amount of $3,000, fixtures and equipment valued at approximately $40,000, receivables of approximately $30,000, inventory of $300,000, and deposits or reserves of $5,000 for total collateral securing the obligations of secured creditors valued at $378,000.

7. The following entity may have an interest in the cash collateral described above:

   a) The Internal Revenue Service ("IRS") has a security interest in all the assets of the Debtor by way of a lien duly filed on November 11, 2003, and of which the amount of $47,781 is still due and owing for taxes owed for the 1st, 2nd and 3rd quarters of 2003, and the 3rd and 4th quarters of 2002.

8. The Debtor proposes to use cash collateral pursuant to Sec. 363(a) of the Code in the ordinary operation of its business by collecting cash from the collection of receivables generated by the providing of services.

9. The Debtor has no source of income other than from the sale of its inventory for cash. If Debtor is not permitted to use such proceeds it will have to close down its operations forthwith without paying its employees or making payments on its equipment. The Debtor must have an emergency hearing on this motion if a closing down of operations and the consequent harm to the estate are to be avoided. That harm would consist of the inability of the Debtor to pay its employees, buy necessary products to keep its business running, and make payments on its equipment.

10. The respective interest of the IRS in cash collateral is adequately protected by the

value of the assets in which there exists a security interest, the Debtor's ongoing operation of its business, the Debtor's maintenance of hazard and liability insurance and payment of premiums thereon, the Debtor's performance of its duties to keep records and make reports pursuant to Bankruptcy Rule 2015, the Debtor's satisfaction of the U.S. Trustee's filing and reporting requirements, and the Debtor's compliance with all the provisions of the Code. In addition, The Debtor has agreed to pay the IRS $663.64 per month as adequate protection for their consent to allow the Debtor to use cash collateral. See IRS Corresp. Attached as Exhibit A.

**WHEREFORE Assembled Circuits, Inc.** prays for the following:

1) That a preliminary hearing be held on this motion pursuant to Sec. 363(c)(3) of the Code and Rule 4001(b)(2) and (3) of the Bankruptcy Rules in order that immediate and irreparable harm to the estate may be avoided;

2) That the court set this Motion for a final hearing upon due notice pursuant to Sec. 363(c)(3) of the Code and Rule 4001(b)(2) and (3) of the Bankruptcy Rules;

3) That the Court authorize the Debtor to immediately and on an ongoing basis to use any and all of the cash proceeds of the Debtor to pay the ordinary expenses of operating the Debtor's business;

4) For such other and further relief as the Court sees fit to grant.

Assembled Circuits, Inc.

*/s/*

Attorney for Debtor
Michael J. Davis #6197896
Kofkin, Springer, Scheinbaum, & Davis
611 S. Addison Road
Addison, IL 60101
630-530-9999

3

# Exhibit A



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
Washington, D.C. 20224

SMALL BUSINESS / SELF EMPLOYED

Date:
March 19, 2004

Michael J Davis
Kofkin, Springer & Davis, P.C.
611 S. Addison Road
Addison , Illinois 60101

Debtor: ASSEMBBLED CIRCUITS INC
USCB: 04-10357

Dear Mr. Davis,

We understand that the debtor in the above-entitled case filed a Chapter 11 on March 16, 2004. The Internal Revenue Service assessed federal tax liabilities and filed a Notice of Federal Tax Lien against this taxpayer prior to the bankruptcy petition. Under 26 U.S.C. section 6321, the Federal Tax Lien attaches to all property and rights to property belonging to the taxpayer. Section 363(c)(2) of the Bankruptcy Code provides that cash collateral cannot be used, sold, or leased by the debtor-in-possession or trustee unless each entity with an interest in the collateral consents or the Court, after notice and hearing, authorizes the use, sale, or lease of cash collateral. The United States, Internal Revenue Service, has an interest in all of the above debtor's cash collateral by virtue of the tax assessments and Notice of Tax Lien.

This is to advise you that the Internal Revenue Service does not consent to the use, sale, or lease of cash collateral by the debtor. Further, it is the Service's intention to move to prohibit any use, sale, or lease of cash collateral as provided in 11 U.S.C. section 361 and 363(e) unless adequate protection is provided for the Services' tax lien.

Please advise us within <u>seven</u> days of the date of this letter or at least prior to any use, sale, or lease of cash collateral by the debtor, whether the debtor intends to furnish adequate protection to the Internal Revenue Service. The adequate protection amount the Service would consider is $663.64.per month.

If you have any questions or need additional information, please contact Aija Bjorklund at 312-566-2848.

Sincerely,

*aija Bjorklund*

A. E. Bjorklund, Bankruptcy Advisor